[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15434
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00488-JEC-ECS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT ARROYO-GOMEZ,
a.k.a. Leopoldo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 24, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Albert Arroyo-Gomez appeals his 180-month sentence imposed after

pleading guilty to conspiracy to possess with intent to distribute cocaine,

methamphetamine, and marijuana. He contends that his below-the-guidelines-range sentence is substantively unreasonable because the sentence "is clearly excessive for an individual who has no criminal history points, and who at best, demonstrated a 'wimpy' form of leadership."

I.

In February 2008 the Bureau of Immigration and Customs Enforcement received information from a confidential informant regarding a drug trafficking organization operating in the Atlanta, Georgia area. Their investigation revealed that Arroyo-Gomez's house was used as a stash house for an extensive organization of trafficking and distributing cocaine, methamphetamine, and marijuana in the metro Atlanta region. They also discovered that Arroyo-Gomez was a leader in the organization, had significant contacts with Mexican drug-traffickers, and that his telephones and vehicle were used to facilitate the delivery and distribution of the cocaine, methamphetamine, and marijuana. The investigation uncovered that the total amount of illegal drugs involved was about 8.36 kilograms of cocaine, 2.99 kilograms of marijuana, 10 kilograms of crystal methamphetamine, and 107.7 grams of methamphetamine, which combined converts to a marijuana equivalency of 205,517 kilograms.

Arroyo-Gomez was arrested and indicted on eleven counts. In exchange for

pleading guilty to conspiracy to possess with intent to distribute at least 5 kilograms of cocaine, 500 grams of methamphetamine, and less than 50 kilograms of marijuana, the other counts were dismissed. Under the sentencing guidelines Arroyo-Gomez had a base offense level of 38. He received a 2-level enhancement for his role in the offense and a 3-level decrease for acceptance of responsibility, for an adjusted offense level of 37. Although Arroyo-Gomez had been found guilty of disorderly conduct and driving under the influence, had pleaded nolo contendere to another driving under the influence, and had been arrested for discharging a firearm on a public highway, he did not have any criminal history points. Accordingly, the recommended range under the guidelines was 210 to 262 months imprisonment.

The district court sentenced Arroyo-Gomez to a below-the-guidelines-range sentence of 180 months imprisonment. The court explained that its sentence was fair and reasonable after giving Arroyo-Gomez "the benefit of every doubt on every guideline," and taking into account the crime, his role in the criminal organization, his personal characteristics, his remorse, and the need to deter others from trafficking drugs in the area.

II.

We review the reasonableness of a sentence only for an abuse of discretion.

United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). To determine if a sentence is substantively unreasonable, "we must, as the Supreme Court has instructed us, consider the totality of the facts and circumstances." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir.2010) (en banc). We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id. at 1190 (quotation marks omitted). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." Tome, 611 F.3d at 1378.

The totality of the circumstances show that Arroyo-Gomez's below-the-guidelines-range sentence of 180-months imprisonment was reasonable. His sentence was 30 months below the bottom of the guidelines range, and it adequately took into account his limited criminal history, his personal characteristics, his role in the crime, and the need to deter future drug traffickers.

**AFFIRMED.**